ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| EMILIO FAGOT RODRÍGUEZ<br><br>Recurrido<br><br>Ex Parte<br><br>PEDRO REMBERTO FAGOT BIGAS<br><br>(Causante)<br><br>CARMEN MARGARITA FAGOT BIGAS<br><br>Peticionaria | KLCE202301466 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Caso Núm.: PO2023CV00216<br><br>Sobre: Adveración de Testamento Ológrafo |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de enero de 2024.

Comparece la señora Carmen Margarita Fagot Bigas (en adelante, peticionaria) para solicitarnos la revisión de la *Resolución* emitida el 12 de diciembre de 2023 y notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Ponce (en adelante, TPI).[1] Mediante la *Resolución* recurrida, el tribunal *a quo* declaró No Ha Lugar una *Moción de Desestimación* presentada por la peticionaria y mantuvo el señalamiento de vista programado para el 22 de enero de 2024.

Por los fundamentos que expondremos se *deniega* la expedición del auto del *Certiorari* y consecuentemente, la solicitud en auxilio de jurisdicción.

I

El 27 de enero de 2023, el señor Emilio Fagot Rodríguez (en adelante, recurrido) presentó una *Petición de Adveración y*

---

[1] Apéndice de la peticionaria, a las págs. 1-8.

Número Identificador

RES2024_____

*Protocolización de Testamento Ológrafo* (en adelante, Petición de Adveración).[2] A tenor, solicitó al foro primario ordenara la celebración de una vista sobre adveración de testamento y luego de los trámites de rigor, ordenara su protocolización. Subsiguientemente, el foro primario señaló una vista para el 12 de abril de 2023.[3]

En esa misma fecha, entiéndase, el 12 de abril de 2023, la peticionaria presentó una *Moción Urgente Solicitando Permiso para Intervenir y Solicitando Posposición de Señalamiento.*[4] Adujo haber advenido en conocimiento de la Petición de Adveración y de la vista programada para el 12 de abril de 2023, "por mera casualidad"[5]. En su escrito, solicitó al foro autorización para intervenir en el procedimiento a llevarse a cabo, la suspensión de la vista programada, así como un término razonable para oponerse a la Petición de Adveración, contratar peritos y comparecer debidamente preparada para impugnar el testamento en cuestión.[6]

Así las cosas, el 17 de abril de 2023, la peticionaria presentó una *Moción de Desestimación.*[7] Adujo que la omisión del recurrido en procurar que se citara a la peticionaria a los fines del trámite de la Petición de Adveración privaba de jurisdicción al TPI y en consecuencia la acción debía ser desestimada. Luego, presentó una *Moción Suplementando la Moción de Desestimación.*[8] Por su parte, el 30 de junio de 2023, el recurrido presentó una *Réplica a "Moción de Desestimación" [Entrada 14] y "Moción Suplementando Moción de Desestimación"*.[9] Luego, la peticionaria presentó una réplica.[10]

---

[2] *Id.,* a las págs. 13-17.
[3] *Id.,* a la pág. 18.
[4] *Id.,* a las págs. 18-20.
[5] *Id.,* a la pág. 19.
[6] *Id.*
[7] *Id.,* a las págs. 27-32.
[8] *Id.,* a las págs. 35-38.
[9] *Id.,* a las págs. 39-55.
[10] *Id.,* a las págs. 59-72.

De ahí, el 15 de noviembre de 2023, se celebró una vista a la cual comparecieron los abogados de las partes y se discutió la *Moción de Desestimación.*[11] En ella, el tribunal *a quo* manifestó que "la interventora tiene derecho de participar [del proceso de adveración] y compareció".[12]  El TPI señaló vista para el 22 de enero de 2024, quedando notificada la peticionaria por conducto de su abogado.  Habiendo quedado sometida la moción dispositiva, el 12 de diciembre de 2023, se emitió la *Resolución* recurrida, notificándose al día siguiente.[13] En ella, el foro recurrido declaró No Ha Lugar la *Moción de Desestimación* y mantuvo el señalamiento de vista.

En desacuerdo, el 27 de diciembre de 2023, la peticionaria presentó una petición de *Certiorari* en la cual esgrimió la comisión de los siguientes tres (3) errores:

> ERRÓ EL TPI AL RESOLVER QUE EL REQUISITO DE CITACIÓN ESTABLECIDO EN EL ARTÍCULO 551A (2) DEL CÓDIGO DE ENJUICIAMIENTO CIVIL NO ES DE NATURALEZA JURISDICCIONAL Y, EN CONSECUENCIA, PROCEDE LA CELEBRACIÓN DE LA VISTA DE ADVERACIÓN AUN CUANDO NO SE NOTIFICÓ DE LA VISTA NI SE CITÓ CONFORME [A] LA LEY A LA HERMANA DEL CAUSANTE, LA AQUÍ RECURRENTE[.]

> ERRÓ EL TPI AL RESOLVER QUE NO SE OCASIONÓ PERJUICIO ALGUNO A LA RECURRENTE YA QUE CON SU INTERVENCIÓN SE SUBSANÓ EL INCUMPLIMIENTO DEL PETICIONARIO RECURRIDO[.]

> ERRÓ EL TPI AL DENEGAR LA MOCIÓN DE DESESTIMACIÓN Y CALENDARIZAR LA VISTA DE ADVERACIÓN PARA EL 24 DE ENERO DE 2024 DISPONIENDO[,] ADEMÁS[,] QUE LA RECURRENTE DEBE TENERSE POR DEBIDAMENTE CITADA[.]

En la misma fecha en que se presentó el recurso ante nos, entiéndase, el 27 de diciembre de 2023, la peticionaria también presentó una *Moción en Auxilio de Jurisdicción* bajo la Regla 79.

---

[11] *Id.,* a las págs. 73-77.
[12] *Id.,* a la pág. 75.
[13] *Id.,* a las págs. 1-8.

El 16 de enero de 2024, la parte recurrida compareció mediante *Escrito en Cumplimiento de Orden y Oposición a la Expedición del Auto de Certiorari.* Con el beneficio de la comparecencia de ambas partes procederemos a exponer el derecho aplicable.

II

Los recursos de *Certiorari* presentados ante el Tribunal de Apelaciones deben ser examinados en principio bajo la Regla 52.1 de las Reglas de Procedimiento Civil.[14] Esta Regla limita la autoridad y el alcance de la facultad revisora de este Tribunal mediante el recurso de *Certiorari* sobre órdenes y resoluciones dictadas por los Tribunales de Primera Instancia. La Regla lee como sigue:

> [...]
> El recurso de Certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando [...] o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de Certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.[15]
> [...]

Por su parte, la Regla 52.2 (b) dispone sobre los términos y efectos de la presentación de un recurso de *Certiorari* que:

> [...]
> (b) *Recurso de "certiorari"* [...]
> Los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo

---

[14] 32 LPRA Ap. V, R. 52.1.
[15] *Id.*

cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari.*[16]
[…]

El recurso de *Certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[17] A diferencia del recurso de apelación, el auto de *Certiorari* es de carácter discrecional.[18] Expedir el recurso "no procede cuando existe otro recurso legal que protege rápida y eficazmente los derechos de la parte peticionaria".[19] Conviene desatacar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[20] A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[21] Por otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones[22], esboza los criterios que el Tribunal deberá considerar para expedir un auto de *Certiorari.*

El Tribunal Supremo de Puerto Rico (en adelante, Tribunal Supremo) ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[23] Quiérase decir, no hemos de interferir con los Tribunales de Primera Instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último: (i) actuó con prejuicio o parcialidad, (ii) incurrió en un craso abuso de discreción, o (iii) se

---

[16] 32 LPRA Ap. V, R. 52.2 (b).
[17] *800 Ponce de León, Corp. v. American International Insurance Company of Puerto Rico,* 205 DPR 163, 174 (2020).
[18] *Rivera Figueroa v. Joes's European Shop,* 183 DPR 580, 596 (2011).
[19] *Id.*
[20] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 712 (2019). *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013).
[21] *Id.*
[22] 4 LPRA Ap. XXII-B, R.40.
[23] *Coop. Seguros Múltiples de P.R. v. Lugo,* 136 DPR 203, 208 (1994).

equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[24]

### III

Evaluada la *Petición de Certiorari*, la *Moción en Auxilio de Jurisdicción Bajo la Regla 79,* el expediente en su totalidad, así como el derecho aplicable, este Tribunal concluye que la peticionaria no logró establecer que el foro primario hubiese incurrido en error alguno, que justifique nuestra intervención en este caso. Por tanto, en virtud de lo dispuesto en la Regla 52.1 de las de Procedimiento Civil,[25] así como de la Regla 40 del Reglamento de este Tribunal,[26] resolvemos *denegar* la expedición del auto de *Certiorari* y, consecuentemente, la solicitud en auxilio de jurisdicción.

### IV

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *Certiorari* y, consecuentemente, se declara No Ha Lugar la solicitud en auxilio de jurisdicción.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[24] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[25] 32 LPRA Ap. V, R. 52.1.
[26] 4 LPRA Ap. XXII-B, R.40.